**Ellen KING and Maine Human Rights Commission**

v.

**BANGOR FEDERAL CREDIT UNION.**

Supreme Judicial Court of Maine.

Argued June 18, 1992.

Decided July 23, 1992.

Articles adopted at the town meeting authorized a multi-year plowing contract.

John E. Carnes (orally), Maine Human Rights Comm'n, Augusta, Robert Marks (orally), Coopers Mills, for plaintiffs.

Edward W. Gould (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiffs Ellen King and the Maine Human Rights Commission appeal from an order of the Superior Court (Penobscot County, *Silsby, J.*) entering judgment on a referee's report in favor of the defendant on plaintiffs' complaint alleging employment discrimination. On appeal, plaintiffs challenge the factual conclusion that Ellen King was not constructively discharged because reasonable accommodation for her disability, although not offered by the defendant, was available. Defendant cross-appeals the imposition of a fine. Finding no error, we affirm.

The court found the following relevant facts: Plaintiff Ellen King was employed by Bangor Credit Union as a teller from November 1985 to May 1986. At this time, smoking was permitted throughout the credit union premises. Although a childhood bout with tuberculosis had left her lungs damaged and susceptible to infections, King worked without difficulty in a smoking environment. In March 1986, a fire in a building adjacent to the credit union aggravated her condition and she developed bronchitis. In April, her doctor advised her to avoid smoke and dust during her recovery. Plaintiff informed her supervisor of her doctor's advice, and the supervisor suggested that she ask customers in her line to extinguish their cigarettes. In early May, the employer implemented a smoking policy which limited smoking to certain areas, but did not completely eliminate it. King subsequently told her supervisor that she required a completely smoke-free environment, but he responded that he did not want to deprive credit union members of their smoking privileges. Plaintiff resigned in May, citing the unhealthy work environment as the cause. When she handed her supervisor her resignation, he suggested they instead discuss "what they could do about it"; plaintiff replied that they had already discussed it. She then initiated this action under the Maine Human Rights Act.[1]

The Maine Human Rights Act prohibits employment discrimination on the basis of physical or mental handicap as follows:

It shall be unlawful employment discrimination in violation of this Act ...

A. For any employer to fail or refuse to hire or otherwise discriminate against any applicant for employment because of race or color, sex, physical or mental handicap[2] ... or because of any such reason to discharge an employee or discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privileges of employment, or any other

---

1. In *King v. Bangor Fed. Credit Union,* 568 A.2d 507 (Me.1989), we vacated a summary judgment in favor of the employer because the Superior Court had erroneously concluded that plaintiff's release under the Workers' Compensation Act barred her Human Rights Act claim based on the same "injury."

2. Amended in 1991 to substitute "disability" for "handicap." P.L.1991, ch. 99.

matter directly related to employment. . . .

5 M.R.S.A. § 4572(1) (1989). Under the comparable federal act,[3] "discharge" includes the situation where, although not formally discharged by the employer, the employee has no reasonable alternative to resignation because of intolerable working conditions. *See* Annotation, *Circumstances in Title VII Employment Discrimination Cases Which Warrant Finding of "Constructive Discharge" of Discriminatee Who Resigns Employment,* 55 A.L.R.Fed. 418 (1981 & Supp.1991). The test is whether a reasonable person facing such unpleasant conditions would feel compelled to resign. *See Goss v. Exxon Office Systems Co.,* 747 F.2d 885 (3d Cir.1984); *Vaughn v. Pool Offshore Co.,* 683 F.2d 922 (5th Cir.1982). *Cf. Alicea Rosado v. Garcia Santiago,* 562 F.2d 114 (1st Cir.1977) (non-Title VII case recognizing strict view that employer's actions must be intended to cause employee's resignation). *See generally* 3 A. Larson & L. Larson, *Employment Discrimination* § 86.50 (1984 & Supp.1991).

■ The court determined that plaintiff's bronchitis constituted a physical handicap,[4] and that the employer had failed to make reasonable accommodation for that handicap as required by the regulations. *See* Maine Human Rights Comm'n Reg. 3.08(D) (1985). The court concluded, however, that a constructive discharge had not taken place because King had failed to show that the employer refused to consider other accommodations. The record supports the court's conclusions that the employer acted reasonably even though it did not suggest alternative accommodations earlier and that the employer was willing to explore such alternatives at the time King resigned. Although it is undisputed that plaintiff suffered a degree of discomfort, the court found that she was not visibly affected by the environment. Because of this fact and her supervisor's understanding that plaintiff's condition was temporary, as well as his willingness to discuss other options at the time of plaintiff's resignation, we cannot conclude that in these circumstances a reasonable person would have felt compelled to resign. The court did not err in finding that a constructive discharge did not occur, and that plaintiff was not entitled to back pay or reinstatement.

■ The employer's cross-appeal challenges the court's imposition of a $200 fine for an abusive reprimand given to King when she left her work station to recover from an uncooperative customer's cigarette smoke.[5] The employer argues that this reprimand was not discrimination under the Act because it did not affect the "hiring or firing" of plaintiff. The Act's language, however, is not so limited. Title 5 M.R.S.A. section 4572 prohibits discrimination "with respect to hire, tenure, promotion, transfer, compensation, *terms, conditions or privileges of employment, or any other matter directly or indirectly related to employment.*" Here, an agent of the employer was the source of the derogatory comment. The court's finding that this isolated comment did not cause King to resign her position does not preclude a finding that it nonetheless constituted unlawful discrimination in a condition of employment. The imposition of a fine as authorized by 5 M.R.S.A. § 4613(2)(B)(7) was therefore not erroneous.

3. Title VII, Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2(a) (West 1981) provides:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . .

4. "Physical or mental handicap" (now disability) is defined as:

[A]ny disability, infirmity, malformation, disfigurement, congenital defect or mental condition caused by bodily injury, accident, disease, birth defect, environmental conditions or illness. . . .

5 M.R.S.A. § 4553 (1989).

5. In reprimanding King, the head teller stated that King should look for another job if she couldn't stand the smoke.

The entry is:

Judgment affirmed.

All concurring.