STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-579

VELVET BROWN,

    Plaintiff

v.

ORDER

BENCHMARK CLEANING &
SUPPLY, INC.

    Defendant.

STATE OF MAINE
Cumberland County Office
JAN 17 2012
RECEIVED

In this case plaintiff Velvet Brown seeks damages from defendant Benchmark Cleaning & Supply Inc. for employment discrimination. Brown alleges that Benchmark condoned sexual harassment in the form of a hostile work environment that resulted in her constructive discharge. Before the court is defendant's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

A claim of unlawful employment discrimination may be based on sexual harassment that is sufficiently severe and pervasive as to create a hostile work environment. <u>Watt v. Unifirst Corp.</u>, 2009 ME 47 ¶ 22, 969 A.2d 897, 902. To prevail on such a claim, a plaintiff must demonstrate:

> (1) that she (or he) is a member of a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established.

<u>Id.</u>

In this case the court agrees with defendant that some of the factual assertions made by Brown in opposition to the pending motion for summary judgment are unsupported and that some of the evidence tendered by Brown is not admissible for purposes of summary judgment pursuant to Rule 56(e). For instance, although Brown's statement of material facts suggests that one of her supervisors[1] repeatedly swore at her using the "f-word," the summary judgment record supports only one such occasion. Moreover, although the record would support a finding that the alleged supervisor acted in an extremely unpleasant manner, it also reflects (and plaintiff acknowledged) that he acted unpleasantly to both males and females. Finally, although Brown relies upon a letter authored by Bruce Carver, no affidavit was ever obtained from Carver and

---

[1] There is also a factual dispute as to whether, and to what extent, this individual qualified as a supervisor.

2

it is also impossible to discern if the statements in Carver's letter were the result of his own observations or whether he is only interpreting what others allegedly told him.

Nevertheless, the court concludes that there is a sufficient factual dispute in this case to generate a factual issue for trial. Primarily this stems from Brown's deposition testimony that in addition to what she describes as threatening behavior and demeaning comments directed at women, the alleged supervisor on four occasions entered the women's restroom even though he knew Brown was there and in each case did not leave immediately but remained for approximately 30 seconds despite her entreaties that he leave.

The court realizes that Benchmark and the alleged supervisor (since terminated for an incident that did not involve any allegation of sexual harassment) have cast doubt on the above testimony, but that testimony is sufficient to preclude summary judgment. Summary judgment is not an opportunity to make determinations as to credibility. There is also a factual dispute as to whether management was ever informed as to Brown's complaint of restroom incursions, and there is a factual dispute as to whether reasonable person in Brown's position facing the conditions she experienced would have felt compelled to resign. King v. Bangor Federal Credit Union, 611 A.2d 80, 82 (Me. 1992).

The entry shall be:

Defendant's motion for summary judgment is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January __17__, 2012

Thomas D. Warren
Justice, Superior Court

3

---------------------------------------------------------------------

01 0000002171              KRAFT, PETER
    10 MOULTON STREET 6TH FLOOR PORTLAND ME 04101
    F      BENCHMARK CLEANING AND SUPPLY INC        DEF        RTND    12/02/2010

02 0000009294              LORANGER, GUY D
    110 MAIN ST., SUITE 1520 SACO ME 04072
    F      VELVET BROWN                             PL         RTND    11/12/2010

01 0000002171              KRAFT, PETER
    10 MOULTON STREET 6TH FLOOR PORTLAND ME 04101
    F      BENCHMARK CLEANING AND SUPPLY INC        DEF        RTND    12/02/2010