NEW JERSEY TURNPIKE EMPLOYEES' UNION, LOCAL 194 OF THE AMERICAN FEDERATION OF TECHNICAL ENGINEERS, AFL-CIO, PLAINTIFF-APPELLANT, v. NEW JERSEY TURNPIKE AUTHORITY, DEFENDANT-RESPONDENT.

Argued March 18, 1974—Decided May 7, 1974.

580 

*Mr. Thomas L. Parsonnet* argued the cause for plaintiff (*Mr. Albert S. Parsonnet,* of counsel; *Messrs. Parsonnet, Parsonnet & Duggan,* attorneys).

*Mr. Bernard M. Reilly* argued the cause for defendant (*Mr. Herbert I. Olarsch,* attorney).

*Mr. Vincent J. Apruzzese* argued the cause for *amicus curiae* National Right to Work Legal Defense Foundation (*Messrs. Apruzzese & McDermott,* attorneys).

PER CURIAM. ■ The Appellate Division opinion, reported at 123 *N. J. Super.* 461 (1973) held that the proposed "agency shop" clause herein was contrary to the provision in *N. J. S. A.* 34:13A–5.3 that:

Public employees shall have, and shall be protected in the exercise of, the right, freely and without fear of penalty or reprisal, to form, join and assist any employee organization or to refrain from any such activity.

and therefore any such agency shop clause could not be lawfully included in the agreement negotiated between plaintiff-Union and defendant-Turnpike Authority.

■ This holding is hereby affirmed substantially for the reasons given by the Appellate Division in its opinion. However, it was inappropriate for the Appellate Division to use the expression "collective bargaining" in referring to the negotiations had and agreement reached between plaintiff-Union and defendant-Turnpike Authority. Collective bargaining as understood in private employment does not have the same connotation as "collective negotiation" which is the right reserved to those in the public service under the New Jersey Employer-Employee Relations Act, *N. J. S. A.* 34: 13A–5.3. This distinction was clearly noted in *Lullo v. Intern. Assoc. of Fire Fighters,* 55 *N. J.* 409, 436–441 (1970) and is important to a proper understanding of the scope of the statute.

The opinion also held that public employees do not have a right of constitutional dimension to process their own grievances individually or through a minority representative organization, but must process such grievances through

the representative selected as the bargaining agent by a majority of the employees.

In *Lullo v. Intern. Assoc. of Fire Fighters, supra,* 55 *N. J.* at 435–436, this same issue was specifically reserved by this Court for reasons therein stated. Since this case is disposed of completely by the ruling on the first point mentioned above, we find it unnecessary to approve or disapprove of that part of the Appellate Division opinion herein which concerns itself with the right to process grievances.

Affirmed.

*For affirmance* — Chief Justice HUGHES and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN and CLIFFORD—6.

*For reversal*—None.