**David Weissenstein, et al. v. Burlington Board of School Commissioners and Burlington Education Association**

[543 A.2d 691]

No. 86-152

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 5, 1988

*Blais, Cain & Keller, Inc.*, Burlington, and *John C. Scully*, National Right to Work Legal Defense Foundation, Inc., Springfield, Virginia, for Plaintiffs-Appellants.

*James S. Suskin*, Vermont-NEA, Montpelier, for Defendants-Appellees.

**Allen, C.J.** The superior court has certified the following question for determination pursuant to V.R.A.P. 5(a):

> ■ Is the agency fee agreement between the Burlington Board of School Commissioners and the Burlington Education Association contrary to the terms and provisions of the Labor Relations for Teachers Act (Chapter 57 of Title 16, Vermont Statutes Annotated)?

We answer the certified question in the affirmative and remand.

According to the stipulated facts, the plaintiffs are all teacher-employees of the defendant, Burlington Board of School Commissioners (Board). They are in the bargaining unit represented by the Burlington Education Association (Association), which is the exclusive bargaining agent for nonadministrative teachers em-

ployed by the Board. Plaintiffs are not members of the Association.

The Board and the Association entered into a collective bargaining agreement covering the period in question which contained a provision for the automatic deduction by the Board of an agency fee in lieu of dues from the salaries of the plaintiffs. These deductions are to be paid to the Association for the use of the Association.* The plaintiffs object to the deduction and use of these funds by the Association for any purpose.

The plaintiffs contend that the collection of the agency fees is prohibited by § 1982 of the Vermont Labor Relations for Teachers Act (L.R.T.A.), which reads as follows:

> (a) Teachers shall have the right to or not to join, assist, or participate in any teachers' organization of their choosing.

16 V.S.A. § 1982(a).

A majority of jurisdictions with like or similar language in their statutes have concluded that agency fee agreements require an employee to "assist" a union and are therefore prohibited. *Churchill* v. *S.A.D. #49 Teachers Ass'n*, 380 A.2d 186, 191-93 (Me. 1977) (absent express authorization for agency shops by the legislature, agency shop amounts to coercion towards membership or participation in union, prohibited by statute forbidding restraint or coercion of public employees' right "voluntarily to join, form and participate" in labor organizations) (emphasis omitted); *State Employees' Ass'n of New Hampshire, Inc.* v. *Mills*, 115 N.H. 473, 479, 344 A.2d 6, 10-11 (1975) (agency shop is inconsistent with statute protecting right of employees to refrain from forming, joining and assisting any employee organization); *New Jersey Turnpike Employees' Union, Local 194* v. *New Jersey Turnpike Authority*, 64 N.J. 579, 581, 319 A.2d 224, 225 (1974) (agency shop clause in collective bargaining agreement is contrary to statute protecting the rights of public employees "to form, join and assist any employee organization or to refrain from any such activity."). We agree with these decisions and hold that the agency fee agreements are prohibited by 16 V.S.A. § 1982(a). This, however, does not end our analysis of this issue. Now we must consider the effect of later enactments on this statute.

---

* The fees collected and turned over to the Association are put in an escrow account pending the outcome of this litigation.

Four years after the enactment of the L.R.T.A., the legislature passed the Municipal Labor Relations Act (M.L.R.A.), 21 V.S.A. §§ 1721-1735. The purpose of the M.L.R.A. was to prescribe the rights of municipal employees and employers in their relations with each other and to proscribe practices on the part of each harmful to the general welfare. 21 V.S.A. § 1721. This act made it an unfair labor practice for an employer: "[t]o interfere with, restrain or coerce employees in the exercise of their rights guaranteed by this chapter or by any other law, rule or regulation." 21 V.S.A. § 1726(a)(1).

The act further provides that:

> (a)(8) Nothing in this chapter or any other statute of this state shall preclude a municipal employer from making an agreement with the exclusive bargaining agent to require an agency service fee to be paid as a condition of employment, or to require as a condition of employment membership in such employee organization on or after the 30th day following the beginning of such employment or the effective date of such agreement, whichever is the later.

21 V.S.A. § 1726(a)(8). Teachers were specifically excluded from coverage under the M.L.R.A. by the definition of "municipal employee" in the act. 21 V.S.A. § 1722(12)(E).

In 1975, the M.L.R.A. was amended to bring teachers within its purview. The amendment provides in pertinent part:

> For the purposes of representation in, and prevention of, unfair labor practices under sections 1726-1729 of this title, a teacher who is a certified employee of a school district shall be considered a municipal employee; and any school district, which includes any public school district or any quasi-public or private elementary or secondary school within the state which directly or indirectly receives support from public funds shall be considered a municipal employer. Nothing in this section shall be taken to alter or repeal the provisions of chapter 57 of Title 16, relating to labor relations for teachers, . . . .

21 V.S.A. § 1735.

The Association argues that agency fee agreements for teachers are now permitted because this 1975 enactment made 21 V.S.A. § 1726(a)(8), which allows such agreements, applicable to teachers.

According to the Association, the later legislation should control 16 V.S.A. § 1982(a). We disagree.

■ In fashioning a response to the certified question, our first responsibility is to construe the applicable statutes so as to give effect to the intent of the legislature. *Paquette* v. *Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985). We are aided in this effort by certain rules of construction, one of which is that if the language is plain, the intent is to be ascertained from the act itself, and if the provisions seem in conflict, interpretations that harmonize and give effect to both are favored. *Lomberg* v. *Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). In our view the statutes are not in irreconcilable conflict and the purpose and intent of the legislature can be ascertained.

Having concluded that the right-not-to-assist language prohibits the imposition of the agency fee upon the plaintiffs, we look to the M.L.R.A., as applied to teachers, to determine if its provisions are in conflict with this view.

■ The provisions of § 1726(a)(8) permitting agency agreements for municipal employees were not extended to teachers by virtue of the enactment of 21 V.S.A. § 1735. While the latter statute provides that teachers shall be considered municipal employees for the purposes of representation in, and prevention of, unfair labor practices under 21 V.S.A. §§ 1726-1729, it also provides that "[n]othing in this section shall be taken to alter or repeal the provisions of [the L.R.T.A.]." 21 V.S.A. § 1735. Section 1982(a) of the L.R.T.A., as we previously noted, provides that "[t]eachers shall have the right to or not to join, assist, or participate in [the Association]." Thus, this section is not repealed by the M.L.R.A. and is controlling here.

*The question certified is answered in the affirmative and the cause is remanded.*