Ellen KING, et al.[1]

v.

**BANGOR FEDERAL CREDIT UNION.**

Supreme Judicial Court of Maine.

Argued Oct. 31, 1989.
Decided Dec. 29, 1989.

Robert E. Marks (orally), Coopers Mills, for plaintiff.

Joyce A. Oreskovich (orally), John E. Carnes, Maine Human Rights Commission, Augusta, for intervenor.

Edward W. Gould (orally) Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, Ellen King, appeals from a summary judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) in favor of her former employer, the defendant Bangor Federal Credit Union ("Credit Union"), in her action for declaratory relief and damages under the Maine Human Rights Act. Because we conclude that King did not release the Credit Union from liability under the Human Rights Act when she signed a release under the Maine Workers' Compensation Act, we vacate the judgment.

King began employment as a teller for the Credit Union on November 25, 1985. On March 3, 1986, a fire in an adjacent building sent fumes into the Credit Union, triggering pulmonary problems that had not bothered King since childhood. She lost time from work and sought medical attention for which she claimed benefits under the Maine Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (1989). After returning to work, King found that her recovery was hampered by cigarette smoke in her workplace. She requested a change in the smoking policy at the Credit Union. Her employer, however, did not prohibit smoking in King's work area or in the employees' lounge. King resigned from her job after the Credit Union declined to implement a total smoking ban.

King filed a claim with the Human Rights Commission under the Human

---

**1.** The Maine Human Rights Commission intervened as a plaintiff under M.R.Civ.P. 24(a). *See*    5 M.R.S.A. § 4613(1) (1989).

Rights Act, 5 M.R.S.A. §§ 4551–4632 (1989). That Act prohibits discrimination in employment because of a physical handicap including disabilities caused by environmental conditions. 5 M.R.S.A. §§ 4552, 4553(7–A).[2] While her Human Rights claim was pending before the Human Rights Commission, King settled her Workers' Compensation claim on October 15, 1986. She signed a compromise settlement agreement on a Workers' Compensation Commission form. The agreement provided for release of the Credit Union and its workers' compensation insurer from "all further liability for this injury." The lump-sum settlement was approved by a Workers' Compensation Commissioner and dismissed all "pending petitions based on this claim." King subsequently commenced suit in Superior Court for her claim under the Human Rights Act.

The court denied King's motion for partial summary judgment on King's contentions that she was constructively discharged by the Credit Union and that the Credit Union failed to reasonably accommodate her handicap. In granting summary judgment to the Credit Union, the court held that King's claims under the Human Rights Act and the Workers' Compensation Act arose out of the same injury, and that by signing the Workers' Compensation release form she released her claim under the Human Rights Act as well. This appeal by King followed.

Although there are similarities,[3] the Workers' Compensation Act and the Human Rights Act were created for very different purposes and the injuries recognized under those acts are markedly different. The Workers' Compensation Act was enacted to deal with physical and mental injuries arising out of the course of employment. It transfers the burdens resulting from workplace accidents from the affected worker to the employer and, ultimately, to society as a whole. *Brown v. Palmer Const. Co.*, 295 A.2d 263, 265 (Me.1972); *Fennessey's Case*, 120 Me. 251, 253, 113 A. 302 (1921). The Act insures prompt compensation to and the payment of medical expenses of an employee suffering an incapacity for work because of a workplace injury.[4] *Leo v. American Hoist & Derrick Co.*, 438 A.2d 917, 922 (Me.1981); *Cook v. Colby College*, 155 Me. 306, 310, 154 A.2d 169 (1959).

Conversely, the Human Rights Act is designed primarily to protect civil rights. 5 M.R.S.A. § 4571 declares that the right to be free of unlawful employment discrimination is a civil right. The injury that King's complaint seeks to redress under the Human Rights Act is the indignity of the loss of an employment opportunity because of her physical handicap. This is an injury distinct from the physical injury for which she was compensated and concerning which she signed a release under the Workers' Compensation Act. Compensation for back pay is not the only remedy King is seeking nor the only remedy available to her under the Human Rights Act.[5] *See* 5 M.R.S.A. § 4613(2).

---

**2.** 5 M.R.S.A. § 4553(7–A) defines "physical or mental handicap" as follows:

"Physical or mental handicap" means any disability, infirmity, malformation, disfigurement, congenital defect or mental condition caused by bodily injury, accident, disease, birth defect, environmental conditions or illness; ...

**3.** Both acts create Commissions. *See* 39 M.R.S.A. § 91; 5 M.R.S.A. §§ 4561–4566. Under the Workers' Compensation Act, an injured employee is entitled to compensation for incapacity for work. *See* 39 M.R.S.A. §§ 51, 54–B, 55–B. *See also Bean v. H.E. Sargent, Inc.*, 541 A.2d 944, 945–46 (Me.1988). Under the Maine Human Rights Act, an employee denied employment because of unlawful discrimination can recover for lost wages and fringe benefits. *See* 5 M.R.S.A. § 4613(2)(B)(2). *See also Rozanski v. A–P–A Transp., Inc.*, 512 A.2d 335, 341–43 (Me. 1986). Both Acts have provisions for payment of attorney fees. *See* 39 M.R.S.A. § 110; 5 M.R.S.A. § 4614.

**4.** The Workers' Compensation Act also pays the medical expenses of employees who are hurt on the job but are not incapacitated. *See* 39 M.R.S.A. § 52 (1989).

**5.** Among other remedies, King seeks declaratory relief, a civil penalty and an injunction. We do not address whether some of the damages sought by King, such as reimbursement for medical expenses, may constitute a double recovery.

Other states with similar statutes have concluded that the injuries suffered under workers' compensation acts are different from those resulting from unlawful employment discrimination. *See Reese v. Sears, Roebuck & Co.*, 107 Wash.2d 563, 731 P.2d 497, 503 (1987); *Boscaglia v. Michigan Bell Tel. Co.*, 420 Mich. 308, 362 N.W.2d 642, 645 (1984); *contra Karst v. F.C. Hayer Co., Inc.*, 447 N.W.2d 180 (Minn.1989). Moreover, releases waiving prospective claims in the nature of civil rights are looked upon with disfavor, and are effective only when the release is signed knowingly and voluntarily. *United States v. Allegheny–Ludlum Indus., Inc.*, 517 F.2d 826, 853 (5th Cir.1975); *Alexander v. Gardiner–Denver Co.*, 415 U.S. 36, 51, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147 (1974). Whether a release waives a claim in the nature of civil rights is not to be "lightly inferred." *Rogers v. General Elec. Co.*, 781 F.2d 452, 455 (5th Cir.1986).

■ The release signed by King was in connection with a lump-sum settlement of her claim under the Workers' Compensation Act. 39 M.R.S.A. § 71,[6] authorizing lump-sum payments, provided that "the employee accepting the lump-sum settlement shall receive no further compensation or other benefits on account of the injury ... *under this Act.*" (Emphasis added.) The agreement was a preprinted form prepared for use in workers' compensation cases. The agreement required approval of a workers' compensation commissioner in order to be effective. Above the employee's signature is printed:

I am the person entitled to workers' compensation benefits on account of this injury or death. I have read this worksheet and all attachments. When I receive the amount shown above and settlement is approved by the Commissioner, I release the employers and insurer named above from all further liability for this

injury. I consent to the above settlement.

The injury is described in the release form as "exposure to smoke with bronchial infection." On the same form the commissioner approved the lump-sum settlement "according to the Workers' Compensation Act" and ordered the "employer/insurer" to pay all outstanding medical bills and the employee's attorney fees. The approval dismissed all pending petitions based on "this injury."

It is clear from the statute, from the form and the language of the release and from the Commissioner's approval, that the release signed by King was directed to her claim under the Workers' Compensation Act. There is no indication, much less the kind of clear indication required to waive a civil rights claim, that King intended to waive her claim under the Maine Human Rights Act. It was error for the court to grant summary judgment in favor of the Credit Union based on the Workers' Compensation release.

■ King also challenges the court's denial of her motion for partial summary judgment on two affirmative defenses raised by the Credit Union; whether King left her job with the Credit Union voluntarily (King contends that she was constructively discharged), and whether the Credit Union took reasonable steps to accommodate King's handicap.[7] *See Plourde v. Scott Paper Co.*, 552 A.2d 1257, 1261–62 (Me.1989). Summary judgment should not be granted unless there exists no material issue of fact and the moving party is entitled to a judgment as a matter of law. *Bigney v. Blanchard*, 430 A.2d 839, 841 (Me.1981). Because material issues of fact exist as to those issues, the court correctly denied King's motion for summary judgment.

The entry is:

**6.** 39 M.R.S.A. § 71 was repealed by P.L.1987, ch. 559, pt. B, § 36 (effective Nov. 20, 1987). *See* 39 M.R.S.A. § 71–A.

**7.** The current version of 39 M.R.S.A. § 66–A dealing, in part, with the employer's require-

ment to reasonably accommodate the physical condition of the employee, was not in effect that the time King left her employment with the Credit Union.

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.