### Raymond F. Gallipo v. City of Rutland and Gerald Lloyd

[789 A.2d 942]

No. 00-217

Present: **Dooley and Morse, JJ., and Katz, Supr. J., Cook, D.J. and Gibson, J. (Ret.), Specially Assigned**

Opinion Filed December 21, 2001

224

*Andrew Jackson*, Middlebury, for Plaintiff-Appellant.

*Kevin J. Coyle* of *McNeil, Leddy & Sheahan*, Burlington, for Defendants-Appellees.

**Dooley, J.** Plaintiff Raymond Gallipo appeals from the Rutland Superior Court's order granting defendants, City of Rutland and Chief Fire Engineer Gerald Lloyd's, motions for summary judgment. Plaintiff argues on appeal that (1) the instant discrimination action under the Vermont Fair Employment Practices Act, 21 V.S.A.

§§ 495–496 (VFEPA), is not barred by the Workers' Compensation Act's (WCA) exclusivity provision, 21 V.S.A. § 622; and (2) the Chief may be held personally liable under VFEPA because the municipal officer immunities law, 24 V.S.A. § 901, does not apply. We affirm in part, reverse in part, and remand for further proceedings.

This is the fifth time this protracted litigation, and related cases, have been before this Court. Plaintiff was a firefighter in the Rutland Fire Department, and all of his claims arise out of this status. The first case, *Gallipo v. City of Rutland*, 163 Vt. 83, 656 A.2d 635 (1994) (*Gallipo I*), dealt with plaintiff's claims that he was denied promotion for discriminatory reasons and was assigned menial work in retaliation for his discrimination complaints. We held that plaintiff's VFEPA claims that he was denied the promotion on account of his religious activities and disability, and his retaliation claim, were sufficiently supported to withstand defendants' motion for summary judgment. On remand, the jury found that defendants had discriminated against plaintiff based on his religious practices and his disability, and had also retaliated against him because of his discrimination claims; it awarded substantial damages. We affirmed in *Gallipo v. City of Rutland*, 168 Vt. 646, 712 A.2d 394 (1998) (unpublished mem.) (*Gallipo II*).

Because of a dispute over insurance coverage, defendants sought successfully to delay paying the judgment, and plaintiff appealed the stay of execution. The parties reached a settlement of the payment issues, and we dismissed the appeal in *Gallipo v. City of Rutland*, 169 Vt. 650, 729 A.2d 723 (1999) (unpublished mem.) (*Gallipo III*). The judgment was eventually satisfied, ending the initial phase of the litigation.

This phase of the litigation arose as a result of a series of four events culminating in a September 1996 incident in which the department videotaped a training session at which plaintiff was present. Plaintiff objected to the taping, and a confrontation developed between him and the training instructor. He left work that day, after filing a workers' compensation claim, and has never returned. Plaintiff alleges that as a result of the events, and the stress caused by ongoing acts of retaliation and discrimination, he suffers from "anxiety disorder with somatization and depression with physical manifestations." On February 12, 1998, after receiving interim workers' compensation benefits, and while his claim was pending before the Commissioner of Labor and Industry, he brought

this VFEPA action alleging that defendants had again discriminated against him based on his religious practices and disability, and retaliated against him for successfully maintaining his original VFEPA case.

The case proceeded on two tracks: one before the Commissioner regarding workers' compensation and the VFEPA action and one in the superior court. On the workers' compensation track, the Vermont Department of Labor and Industry ordered in October 1997 that the city compensate plaintiff while his workers' compensation claim was pending. On July 12, 2000, the Commissioner of Labor and Industry denied plaintiff's workers' compensation claim, concluding that plaintiff had failed to prove that the mental injury he alleged was caused by work-related stresses from any of the four specified events. The decision is based on the standard for proving mental injuries in workers' compensation claims we approved in *Bedini v. Frost*, 165 Vt. 167, 678 A.2d 893 (1996). Plaintiff failed to file a timely appeal from this ruling. On July 20, 2001 in *Gallipo v. City of Rutland*, 172 Vt. 642, 782 A.2d 86 (2001) (unpublished mem.) (*Gallipo IV*), we affirmed the superior court dismissal of plaintiff's untimely attempted appeal of the Commissioner's decision.

Defendants sought summary judgment in the superior court action, arguing among other grounds that the VFEPA action against the city is barred by the exclusive remedy provision of the WCA, 21 V.S.A. § 622, and that plaintiff cannot sue his supervisor, Chief Lloyd, under VFEPA both because Lloyd is not his employer and because of the effect of 24 V.S.A. § 901(a). On April 19, 2000, the superior court granted the motion, holding that § 622 prevents "an employee who has received compensation for his injuries under the WCA from bringing an action against the employer under a state statute, including FEPA," and holding that Lloyd could not be sued because he is not an employer under VFEPA, and that 24 V.S.A. § 901(a) requires that any action against him be brought against the city.

In appealing the superior court decision, plaintiff makes three arguments: (1) the WCA exclusivity provision, 21 V.S.A. § 622, does not bar an action against an employer where the employee's entitlement to benefits is contested and the Commissioner of Labor

and Industry has not issued a decision;[1] (2) even if the Commissioner issues a decision favorable to plaintiff, the exclusivity provision does not bar a VFEPA action; and (3) defendant Lloyd is an employer for purposes of VFEPA, and a suit against him is not prevented by 24 V.S.A. § 901(a). We address these arguments in order.

The superior court held that plaintiff's VFEPA action is barred by the exclusivity provision of the WCA, 21 V.S.A. § 622, which provides:

### § 622. Right to compensation exclusive

[T]he rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

The court held that § 622 applied because plaintiff had received workers' compensation benefits.

■ We do not have to get deep into plaintiff's appeal to hold that the superior court improperly applied § 622. The section applies only where the employee is "entitled to compensation under the provisions of this chapter." As of the time that the superior court acted, there had been no decision that plaintiff was entitled to workers' compensation, and the city was arguing that he was not so entitled.[2] Defendants have never argued in the superior court that plaintiff is entitled to workers' compensation benefits. Section 622 does not support the superior court's decision.

Defendants argue, however, that the superior court decision was correct for either of two additional reasons. First, they argue that § 622 applies because plaintiff sought workers' compensation benefits from the Commissioner even if he never received them. Here, defendants are invoking the common-law doctrine of election of remedies. Defendants argue that plaintiff elected his remedy in

---

[1] Plaintiff also claims that 21 V.S.A. § 622 does not bar the action against Lloyd because he is not plaintiff's employer for purposes of the act. See 21 V.S.A. § 624(a). Because of our disposition of plaintiff's first argument, we do not reach this claim.

[2] The Commissioner of Labor and Industry has now ruled that plaintiff is not entitled to compensation, and that ruling is final. As discussed *infra*, the effect of that ruling would itself be an issue in this case. Our disposition avoids resolving that issue.

submitting a workers' compensation claim and should not be allowed to pursue an inconsistent remedy by suit in superior court.

For purposes of this argument, we assume that the remedies are inconsistent. At the outset, we emphasize that defendants' argument is inconsistent with the wording of § 622, the exclusivity statute. See *Danker v. Wilimek*, 577 N.W.2d 634, 636 (Iowa 1998) (issue controlled by statute, and doctrine of election of remedies is not involved). Instead of denying a court remedy to an employee who is eligible for workers' compensation benefits, defendants would have us hold that an employee who files a workers' compensation claim is precluded from bringing a civil action against the employer on account of the employee's injury, *whether or not the employee is eligible for workers' compensation*. We believe that the statute controls and precludes the use of the doctrine of election of remedies as defendants propose.

In any event, the application of the doctrine, at least in its modern version, would not go as far as defendants urge. We explained the doctrine in terms directly applicable here in *Sabourin v. Woish*:

> An unsuccessful attempt to claim a right, or pursue a remedy, to which a party is not entitled, will not deprive him of that to which he is entitled. So where a party, in ignorance of his rights, resorts to a supposed remedy and fails, he is not precluded from resorting to the remedy he in fact has. . . . Nor did that action constitute an election of remedies. Election exists when a party has two alternative and inconsistent remedies, and is determined by a manifestation of choice; but the fact that a party wrongly supposed he had two such rights, and attempted to choose the one to which he was not entitled is not enough to prevent his exercising the other, if entitled to it.

117 Vt. 94, 98, 85 A.2d 493, 496 (1952) (citations omitted); see also *Lively v. Libbey Mem'l Physical Med. Ctr., Inc.*, 875 S.W.2d 507, 509 (Ark. 1994) (party does not "elect between inconsistent remedies when he actually only has one available"); *Patrick v. Highbaugh*, 347 S.W.2d 88, 90 (Ky. 1961) (election doctrine requires two valid but inconsistent remedies and is not applicable when only one in fact exists). Our pleading rules, modeled on the Federal Rules of Civil Procedure, specifically authorize making inconsistent claims. See V.R.C.P. 8(e)(2);

see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1283, at 533-35 (2d ed. 1990) (inconsistent legal theories may be pled; election of legal theories is not required); 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1582, at 522 ("an election of remedies or theories is not required at the pleading stage of the litigation"). We see no reason to adopt a different rule because the claims are made in different fora. We are following numerous courts which have held that the doctrine of election of remedies does not preclude filing both a workers' compensation claim and a civil action, subject to an eventual determination of which remedy is appropriate if they prove to be inconsistent. See *Ehredt v. DeHavilland Aircraft Co.*, 705 P.2d 446, 450 (Alaska 1985) (no exhaustion of administrative remedy requirement for workers' compensation claim, but court may stay civil action pending result of workers' compensation claim); *Kearney v. Denker*, 760 P.2d 1171, 1173 (Idaho 1988) ("[u]ntil it is determined that the employee is entitled to worker's compensation the employee may seek other remedies"); *Grimes v. Jalco, Inc.*, 630 S.W.2d 282, 285 (Tex. App. 1981) (overruled on different grounds); *Delp v. Berry*, 195 S.E.2d 877, 879 (Va. 1973).

■ Second, defendants argue that § 622 applies because plaintiff received interim workers' compensation benefits. The department awarded plaintiff interim benefits pursuant to 21 V.S.A. § 662(b) while the adjudication of plaintiff's right to a permanent award was pending.[3] The department's decision to award interim benefits is based on a determination that the evidence used by the employer to support denial of the claim "does not reasonably support the denial," *id.*, but that is not a determination that plaintiff is "entitled to compensation" as specified in § 622. As this case demonstrates, the decision made right after the filing of the claim based on the strength of the evidence at that time may prove to be wrong when all the evidence is gathered and considered. We note that courts in other states which have considered this question have held that the exclusive remedy provision of a WCA is not triggered by receipt of interim benefits. See *Ferguson v. Hosp. Corp. Int'l*, 769 F.2d 268, 275

---

[3] The interim order was issued over a year after the claim was filed. In issuing the order, the department worker stated that "Mr. Gallipo has presented medical documentation from his treating physicians which supports his claim for benefits while the carrier has not provided any medical documentation to support a denial of this claim." He also noted that although the carrier denied the claim on legal grounds, it had failed to file a brief on the relevant legal issues in the year since the claim was filed.

(5th Cir. 1985) (interim benefits received while a workers' compensation claim is pending do not cause an election of remedies); *Barjesteh v. Faye's Pub, Inc.*, 787 P.2d 405, 406 (Nev. 1990) (per curiam) (employees are not precluded from other legal action until final judgment made concerning workers' compensation claim); *Ray v. Knights*, 605 N.Y.S.2d 536, 537 (App. Div. 1993) (acceptance of interim benefits before a final award does not preclude litigation against employer); *Hines v. Superior Ct.*, 435 P.2d 149, 151-52 (Okla. 1967) (payment of lost wages and hospital bill does not bar further litigation because payments were not made "pursuant to a final award"); *Grimes*, 630 S.W.2d at 285 (receipt of twenty-eight weeks of benefits does not act as an election of remedies and preclude further legal action when final ruling has not been made on entitlement to workers' compensation). We follow those courts and hold that plaintiff's receipt of interim benefits does not prevent him from suing his employer.

Although the above analysis addresses the grounds relied upon by the trial court, we recognize that, without more, it creates other issues that have never been resolved by the Court:

> 1. The Commissioner of Labor and Industry has ruled that plaintiff is not entitled to workers' compensation benefits. The first issue is whether this ruling is determinative of the preclusion question because § 622 applies only if the employee is "entitled to compensation." The decision of the Commissioner is based ostensibly on her finding that plaintiff did not prove compensable damages from the alleged workplace accidents, and never clearly resolves whether any of the four events involved an "accident." See 21 V.S.A. § 618 (to be eligible for compensation, employee must receive "a personal injury by accident arising out of and in the course of employment"). Some courts have held that a WCA exclusivity statute applies if the injury is covered by the WCA, but no compensation is payable because the items of alleged damage are not compensable. See 6 Larson's Workers' Compensation Law § 100.05 (2001). If we hold these decisions apply under the wording of our WCA exclusivity statute, the Commissioner's decision does not resolve the exclusivity issue.

2. If the Commissioner's decision has not resolved the application of § 622 — because there has been no determination of whether plaintiff has suffered a personal injury by accident arising out of and in the course of his employment, as required by 21 V.S.A. § 618 — the court must determine whether it or the Commissioner should make that determination. Precedents from other states are split on that question. See 6 Larson's Workers' Compensation Law § 102.06 (2001) (of the states which have resolved the issue a bare majority find concurrent jurisdiction between the administrative agency and the court; a strong minority find that the administrative agency has exclusive jurisdiction to make the determination).

Defendants have also raised an alternative argument that plaintiff is precluded by collateral or judicial estoppel from first claiming for workers' compensation purposes that the four precipitating events were accidents and then filing a VFEPA action claiming they were intentional acts of discrimination.

We can avoid the necessity of determining most of these issues by turning to plaintiff's related ground for reversal, that § 622 does not apply to cases brought under VFEPA. The superior court rejected this argument because § 622 applies to "exclude all other rights and remedies" of the employee "at common law *or·otherwise* on account of such injury." (Emphasis added.) The court held that the "or otherwise" language was intended to apply to statutory remedies like VFEPA.[4]

As plaintiff argues, and Larson confirms, virtually every state court which has examined this question has held that a WCA exclusive remedy provision does not apply to an action under a state employment discrimination law. See 6 Larson's Workers' Compensation Law § 104.05[4] (sexual harassment); § 104.05[5] (other suits "pursuant to anti-discrimination or civil rights statutes"). An early leading case reaching this conclusion is *Boscaglia v.*

---

[4] Defendants actually concede that § 622 does not apply to VFEPA actions, but on a theory intended to require acceptance of their issue preclusion and judicial estoppel arguments as discussed *infra*. Their theory is that since workers' compensation benefits are unavailable for intentional wrongs, § 622 cannot apply to VFEPA actions which require a showing of intent to discriminate. We reject this asserted inconsistency in the remedies, as discussed *infra*, and must, therefore, consider plaintiff's broader argument that VFEPA claims are not covered by § 622 even if there is no inconsistency in the intent elements.

*Michigan Bell Telephone Co.*, 362 N.W.2d 642 (Mich. 1984). *Boscaglia* involved two separate cases in which employees had brought actions under the Michigan Fair Employment Practices Act alleging that employment discrimination had caused a demotion which led to emotional injury and loss of wages due to the inability to continue active employment. In one, the employee had received workers' compensation for the mental and emotional injury. In the other, the employee had never applied for compensation. In both, the trial courts held that the FEPA actions were prohibited by the WCA exclusivity provision.

In holding that the exclusive remedy provision did not apply, the Michigan Supreme Court relied upon two factors: (1) the purposes of the WCA and civil rights acts are different, and neither should be allowed to frustrate the purpose of the other; and (2) if the legislature intended that a civil rights plaintiff be able to recover for physical, mental or emotional injury, it could not have intended that this recovery be frustrated by the WCA, an earlier statute. These factors have figured in all the state court decisions. See *Byrd v. Richardson-Greenshields Sec., Inc.*, 552 So. 2d 1099, 1103-04 (Fla. 1989); *Jones v. Los Angeles Cmty. Coll. Dist.*, 244 Cal. Rptr. 37, 41-45 (Ct. App. 1988); *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 818-19 (Ky. 1992); *Cox v. Glazer Steel Corp.*, 606 So. 2d 518, 520 (La. 1992); *King v. Bangor Fed. Credit Union*, 568 A.2d 507, 508-09 (Me. 1989); *Kerans v. Porter Paint Co.*, 575 N.E.2d 428, 431 (Ohio 1991); *Palmer v. Bi-Mart Co.*, 758 P.2d 888, 891 (Or. Ct. App. 1988); *Folan v. Dep't of Children, Youth, & Families*, 723 A.2d 287, 289-91 (R.I. 1999); *Anderson v. Save-A-Lot, Ltd.*, 989 S.W.2d 277, 288-89 (Tenn. 1999); *Goodman v. Boeing Co.*, 899 P.2d 1265, 1268 (Wash. 1995); *Byers v. Labor & Indus. Review Comm'n*, 561 N.W.2d 678, 682 (Wis. 1997). For example, in the recent case of *Byers v. Labor & Industry Review Commission*, the Wisconsin Supreme Court explained:

> The purposes of the two statutes are very different. The WCA focuses on the employe[e] and his or her work-related injury while the WFEA focuses on employer conduct that undermines equal opportunity in the workplace. The WCA compensates an employe[e] for workplace injury, including mental injury; it is designed to relieve the financial burdens of injured workers and to protect employers from financial burdens by providing them with immunity from tort actions. The WFEA is designed to provide statutory redress for

employment discrimination. The court has stated that a complainant under the WFEA acts "as a 'private attorney general' to enforce the rights of the public and to implement a public policy that the legislature considered to be of major importance." *Watkins v. LIRC*, . . . 345 N.W.2d 482 (1984).

. . . .

Because the WCA does not identify, fully remedy or adequately deter an employer's discriminatory conduct, it cannot adequately address discrimination in the workplace. Sole reliance on the WCA would neither address employment discrimination nor serve as a deterrent against employment discrimination. Indeed, had the legislature intended the purposes of the WFEA to be accomplished through the WCA, enactment of the WFEA might have been a hollow legislative gesture.

561 N.W.2d at 682. It concluded that the WCA exclusive remedy provision did not bar the WFEA action, explaining further:

[T]his conclusion comports with our goal of harmonizing the two statutes. As we explained, the WCA and the WFEA address two separate harms. The two statutes should be read so that neither statutory scheme frustrates the other's purposes. The legislature's intent will be upheld by protecting the integrity of both statutory schemes and preserving the policies of both statutes to the greatest extent possible. We should interpret the reach of the WCA exclusive remedy provision in a manner that does not effectively abrogate the purposes of the WFEA.

If we were to interpret the WCA exclusive remedy provision as the employer proposes, only employe[e]s whose claims were not covered under the WCA would be afforded relief under the WFEA. Those employe[e]s whose claims for physical or mental injuries were covered by the WCA, those perhaps most harmed by discriminatory conduct violating the WFEA, would be limited to worker's compensation. Nothing in the WFEA indicates that its effect is to be limited to only those acts of employment discrimination which do not result in a claim covered under the WCA.

. . . [R]eading the WFEA so that no one is excluded from its protection because of the WCA exclusive remedy

provision, and reading the WCA so that employe[e]s receive a sure but limited remedy for their work-related injuries and employers remain protected from court actions in tort arising out of those injuries gives both statutes maximum effect.

*Id.* at 683 (citations omitted).

The statutory schemes before us have the same purposes and elements as those in Michigan and Wisconsin. The WCA exclusive remedy provision was enacted in 1915 and has remained materially unchanged to this day. See 1915, No. 164, § 7. VFEPA was first enacted in 1963. See 1963, No. 196. The private remedy section was not added until 1976. 1975, No. 198 (Adj. Sess.), § 2. The legislature in 1915 was primarily concerned with private tort actions and probably never conceived that there would be a strong statutory response to employment discrimination and that it would involve a private right of action. Thus, employment discrimination actions were not in the contemplation of the legislature in fashioning the historic trade-off between the creation of a speedy, no-fault, remedy for employment injuries while making employers immune from fault-based actions.

Workers' compensation benefits are a weak and undependable remedy for employment discrimination. Employment discrimination actions do not fit easily into an eligibility requirement of "personal injury by accident." 21 V.S.A. § 618. Although it is possible that employment discrimination will cause physical injuries, it is more likely to cause psychological damage that may go beyond compensable mental injuries under workers' compensation rules. As the court emphasized in *Byers*, the effect of applying § 622 exclusivity to VFEPA actions is that the most serious claims, with the most significant damages, will be barred with the employee left to an uncertain and inadequate workers' compensation remedy.

There are two aspects of this case that demonstrate the difficulties created by applying § 622 to VFEPA actions. In the first VFEPA case, plaintiff's claim was that the city failed to promote him because of discrimination based on his religion and disability, and the jury awarded him $339,000 in damages, a major component of which was for emotional distress. It makes little sense for plaintiff to have, on the one hand, a full and complete VFEPA remedy when the cause is the employer's failure to promote him and, on the other hand, no VFEPA remedy, indeed no remedy at all, if continuing discrimination deprives him of all employment.

Second, the inconsistency is heightened where, as here, a major part of plaintiff's second VFEPA claim is that defendants retaliated against him for bringing the first action successfully. As plaintiff notes, this claim, if proven, involves a conscious unwillingness to abide by the judgment of the superior court in the first case. Yet, the application of § 622 would leave plaintiff no remedy and the court no way to vindicate its judgment.

The statutory construction tools other courts have employed to resolve this issue are applicable here. Our paramount goal in statutory construction is to give effect to the intent of the legislature. *Shea v. Metcalf*, 167 Vt. 494, 498, 712 A.2d 887, 889 (1998). Our goal is also to harmonize statutes and not find conflict if possible. See *In re 1650 Cases of Seized Liquor*, 168 Vt. 314, 321, 721 A.2d 100, 105 (1998). In looking at any particular statutory scheme, we look to the whole and every part of it, its subject matter, and its effect and consequences in determining intent. See *Longe v. Boise Cascade Corp.*, 171 Vt. 214, 221, 762 A.2d 1248, 1255 (2000). We should not construe statutes to reach unreasonable results manifestly unintended by the legislature. See *Roddy v. Roddy*, 168 Vt. 343, 347, 721 A.2d 124, 128 (1998).

We recognize that the main argument in support of the superior court's decision is that it is required by the plain meaning of § 622. The plain meaning rule is a canon of statutory construction which is helpful, but secondary to our primary objective of determining the intent of the legislature. See *In re Wal\*Mart Stores, Inc.*, 167 Vt. 75, 84, 702 A.2d 397, 403 (1997). Thus, plain meaning must give way when we determine that it leads to a result clearly against the intent of the legislature. See *In re G.T.*, 170 Vt. 507, 758 A.2d 301 (2000); *Morgan v. Kroupa*, 167 Vt. 99, 101, 702 A.2d 630, 632 (1997). This is such a case.

We follow the many decisions of other courts and hold that VFEPA actions are not subject to the exclusive remedy provision of the WCA, 21 V.S.A. § 622.

Defendants raise two additional related grounds why the court's dismissal of the VFEPA action should be affirmed. They assert that because of collateral estoppel or judicial estoppel plaintiff is bound by his theory in the workers' compensation proceeding that the four events that caused his emotional injury were accidents, and that theory is totally inconsistent with the intent element of a VFEPA claim. Therefore, they argue that the VFEPA case must be

236

dismissed because, as a matter of law, plaintiff cannot demonstrate the required intent.

Although defendants raised these arguments below, the superior court did not address them because it accepted defendants' earlier arguments. Normally, we would not reach arguments not considered by the trial court, but we do so here because their resolution is related to our earlier holdings and trial court action is unnecessary to allow review.

We begin with the claim that the VFEPA action is precluded by collateral estoppel, also called issue preclusion. The elements of issue preclusion are set out in *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 586 (1990):

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

There are at least two elements which defendants cannot meet. To meet the second element, defendants must show that the issue of their intent was resolved "by a final judgment on the merits" and not just that plaintiff argued that it should be resolved on a basis inconsistent with the VFEPA action. As discussed earlier, the interim order does not qualify as a final judgment. The final judgment of the Commissioner did not resolve the issue of defendants' intent because it was based on the conclusion that plaintiff failed to show compensable injuries.

Defendants also cannot meet the third element — that the issue resolved in the workers' compensation proceeding is the same issue plaintiff seeks to raise in the VFEPA proceeding. Even if the Commissioner had found that each of the events relied upon by plaintiff were accidents, that finding would not preclude plaintiff from establishing the intent element of the VFEPA action.

The flaw in defendants' logic is that they have overstated the nature and degree of conflict between the elements of the workers' compensation claim and the elements of the VFEPA claims. In keeping with the purpose of the WCA we have construed broadly the requirement that the injury occur "by accident." 21 V.S.A. § 618. Intentional acts are excluded from this requirement only if there is

"a specific intent to injure." *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441, 417 A.2d 926, 927 (1980). For VFEPA claims, plaintiff must show intentional discrimination, but that element has been defined to mean that the discrimination was a "motivating factor" for the alleged unlawful action. *Knapp v. State*, 168 Vt. 590, 591, 729 A.2d 719, 721 (1998) (mem.); see also *Luciano v. Olsten Corp.*, 110 F.3d 210, 219 (2d Cir. 1997) (to prevail, plaintiff must show that "motivating factor" had determinative influence on outcome of employment decision).

We think it clear that an employer can take actions against an employee, producing mental injury and motivated in part by unlawful discrimination, without having the specific intent to injure the employee. Thus, contrary to defendants' argument, it is not inconsistent for plaintiff to claim that he was injured by an accident for workers' compensation purposes and to also claim he was injured by unlawful discrimination.

For virtually identical reasons, defendants urge us to require dismissal of the VFEPA action as a matter of judicial estoppel, relying upon three decisions of the United States Court of Appeals for the Second Circuit which describe the application of the doctrine in that court. See *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98-99 (2d Cir. 1997); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71-74 (2d Cir. 1997); *Bates v. Long Island R.R.*, 997 F.2d 1028, 1037-38 (2d Cir. 1993). Defendants have not shown that the Court has ever endorsed the doctrine of judicial estoppel, and we can find no such endorsement.[5] The doctrine has been adopted in some jurisdictions, but not in others. See generally D. Coale, *A New Frontier for Judicial Estoppel*, 18 Rev. Litig. 1 (1999); R. Boyers, Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel*, 80 Nw. U. L. Rev. 1244 (1986).

We do not decide in this case whether we will adopt the doctrine of judicial estoppel. For the exact same reasons that defendants cannot meet the elements of issue preclusion, they cannot meet the elements of judicial estoppel. See *Cleveland v. Policy Management Systems*, 526 U.S. 795, 805 (1999); *Maharaj*, 128 F.3d at 99. Even if we adopt judicial estoppel, it will not assist defendants.

---

[5] The doctrine was apparently raised in *In re Estate of Raedel*, but our opinion treats it as if it were another name for collateral estoppel and rejects its application summarily. 152 Vt. 478, 481 n.1, 568 A.2d 331, 332 n.1 (1989).

Next, we consider plaintiff's argument that the superior court erred in dismissing the action against Fire Chief Lloyd. The court ruled that plaintiff cannot sue Fire Chief Lloyd for two reasons: Lloyd is not plaintiff's employer and, as a result, cannot be sued under VFEPA; and Lloyd is a town officer, and 24 V.S.A. § 901 requires that any action against a town officer be brought against the town. Plaintiff argues that both rationales are wrong. We address only the second rationale.

The superior court dismissed the complaint against Lloyd based on 24 V.S.A. § 901(a), which provides:

### § 901. Actions by or against town officers

(a) Where an action is given to any appointed or elected municipal officer or town school district officer, the action shall be brought in the name of the town in which the officer serves and in the case of a town school district officer in the name of the town school district. If the action is given against such officers, it shall be brought against such town or town school district, as the case may be.

It is undisputed that Lloyd is an appointed municipal officer. See 24 V.S.A. § 1953 (officers of a fire department include the chief engineer); *Hee v. Everlof*, 812 F. Supp. 1350, 1351 (D. Vt. 1993) (police officers are appointed municipal officers). The superior court held that if a VFEPA action could be brought against Lloyd, § 901 requires that it be brought against the city instead.

Plaintiff argues that he has a right to sue Lloyd under VFEPA and that right conflicts with § 901(a).[6] He argues that under our statutory construction rules the right to sue should prevail because it was created after § 901(a) and it is the more specific. See *Vermont Tenants, Inc. v. Vermont Hous. Fin. Agency*, 170 Vt. 77, 82-83, 742 A.2d 745, 749 (1999) (in case of irreconcilable conflict between

---

[6] Although plaintiff has phrased his argument in terms of a conflict of statutes, it is unclear which section of VFEPA plaintiff alleges conflicts with § 901(a). The section providing for a private right of action for damages under VFEPA does not specify which persons or entities can be named as defendants. See 21 V.S.A. § 495b(b). Plaintiff points to the fact that the definition of "employer" includes "any agent of such employer," *id.* § 495d(1), and that the applicable substantive prohibitions apply to an employer, *id.* § 495(a)(1), (5), and argues that § 901(a) conflicts with those statutes. For purposes of this argument we will assume that VFEPA says specifically that plaintiff can sue a fire chief on the theories plaintiff has alleged.

statutory sections, last in time controls over earlier statute, and specific controls over general).

These rules to resolve conflicts in statutes apply only if we find an irreconcilable conflict. See *In re Town of Springfield*, 143 Vt. 483, 489-90, 469 A.2d 375, 376 (1983). If provisions appear to be in conflict, "interpretations that harmonize and give effect to both are favored." *Weissenstein v. Burlington Bd. of Sch. Comm'rs*, 149 Vt. 288, 292, 543 A.2d 691, 693 (1988). In this case, we find no conflict. Section 901 applies only if a right of action exists under some other law. Thus, rather than being in conflict with VFEPA, the statute is triggered by the VFEPA cause of action plaintiff alleges. In essence, the conflict plaintiff alleges comes from his view that the legislature intended that VFEPA actions be exempt from the liability shifting rule of § 901(a). We believe that intent must be shown more directly, rather than attempting to imply it from statutory construction rules. The legislature has shown that it knows how to interrelate substantive liability provisions with § 901(a). See 10 V.S.A. § 747a(b) (employee of conservation district hired to implement on-site sewage program is immune from liability under 24 V.S.A. § 901).

■ We recognize that plaintiff is making an argument with some similarities to that he made successfully in persuading us that VFEPA actions are not subject to the workers' compensation exclusivity requirement. Here, however, we have no indication of legislative intent in plaintiff's favor, and plaintiff continues to have a full remedy against the City of Rutland. We conclude that the superior court acted correctly in dismissing the action against Fire Chief Lloyd.

*The grant of summary judgment to defendant Gerald Lloyd is affirmed. The grant of summary judgment to the City of Rutland is reversed and remanded for proceedings consistent with this opinion.*