2004 VT 48

**Barbara McLEAN v. Thomas W. MANNION, Dianne M. Mannion and Treadle Bears of Vermont, Inc.**

[857 A.2d 766]

No. 03-159

¶ 1. May 26, 2004. Plaintiff, Barbara McLean, appeals the superior court's dismissal of her complaint against her former employers, Treadle Bears of Vermont, Inc., and its owners, alleging that she suffered a workplace injury but defendants failed to maintain workers' compensation insurance to cover it. The court dismissed the complaint on the grounds that 1) because plaintiff's case is still pending before the Vermont Department of Labor and Industry (VTLI), 21 V.S.A. § 670, allowing workers' compensation appeals to the superior court, is inapplicable; 2) 21 V.S.A. § 622 operates to prevent an employee's civil suit, arising out of work injuries, against his or her employer once the employee seeks workers' compensation; 3) 21 V.S.A. § 618(b) and (d) do not, under the circumstances, provide plaintiff with the opportunity to pursue simultaneous actions with both VTLI and the superior court. We do not decide whether the court's reasoning was correct, and therefore remand for further factual development. Plaintiff also appeals the court's award of attorney's fees for the cost of defending against plaintiff's V.R.C.P. 11 motion. We affirm that award.

¶ 2. Our primary concern with the present case as it has come to us is the apparently unorthodox development of the record. The issues suggested by the trial court's decision are unclear and could arise with respect to a significant number of work injuries in this state. See generally *Gallipo v. City of Rutland,* 173 Vt. 223, 789 A.2d 942 (2001) (discussing how a range of conditions and factual circumstances, including the status of VTLI hearings, may affect the applicability of § 622). Thus, we are reluctant to decide these issues on an inadequate record.

¶ 3. The superior court decided the case based on defendants' motion to dismiss filed under V.R.C.P. 12(c). The record before it consisted of various documents filed with VTLI as attached to the parties' memoranda of law. In arguing the case to this Court, the parties added still more VTLI documents as part of a printed case or attached to a brief. It is clear that where "matters outside the pleadings are presented to and not excluded by the court," the motion must be treated as one for summary judgment and the procedures in V.R.C.P. 56 followed. V.R.C.P. 12(b); see *Condosta v. Condosta,* 139 Vt. 545, 546-47, 431 A.2d 494, 495 (1981) (citation omitted) ("[the rules provide that] . . . if the trial court were to consider matters outside the pleadings in deciding the motion [to dismiss], [defendant] was entitled to have the motion treated as one for summary judgment . . . . The judgment and proceedings in a case other than that on trial, even between the same parties, is [sic] not to be taken notice of by the court of its own motion."). This rule was not followed here. Thus, we must reverse the dismissal of plaintiff's complaint and remand for development of a proper record.

¶ 4. We affirm the trial court's order that plaintiff's attorney be assessed the attorney's fees incurred by defendants in defending against plaintiff's Rule 11

motion. The court may require the moving party to pay the attorney's fees of a party who must defend against a groundless Rule 11 motion. See Reporter's Notes, 1996 Amendment, V.R.C.P. 11. While defendants' motion to dismiss may not prevail, it was clearly based on a nonfrivolous interpretation of existing law, and there was no showing that it was advanced for an improper purpose. See V.R.C.P. 11(b)(1), (2).

*The superior court's decision to award defendants $1305 in attorney's fees incurred defending plaintiff's Rule 11 motion is affirmed; the decision to dismiss plaintiff's complaint is reversed and remanded.*

Motion for reargument denied June 17, 2004.