Our Lady of Guadalupe Home Found., Inc. v. Massucco, No. 203-3-09 Rdcv (Cohen, J., June 22, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

| | ) | |
|---|---|---|
| **OUR LADY OF GUADALUPE** | ) | **Rutland Superior Court** |
| **HOME FOUNDATION, INC.,** | ) | **Docket No. 203-3-09 Rdcv** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **L. RAYMOND MASSUCCO,** | ) | |
| | ) | |
| **Defendant** | ) | |

### DECISION ON DEFENDANT'S MOTION TO RECONSIDER OR FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Defendant L. Raymond Massucco moves for the Court to reconsider its previous order denying his motion for summary judgment. In the alternative, Mr. Massucco seeks leave to file an interlocutory appeal. The plaintiff, Our Lady of Guadeloupe Home Foundation, Inc., is represented by A. Jeffry Taylor, Esq. The defendant, L. Raymond Massucco, is represented by S. Stacy Chapman, III, Esq.

### BACKGROUND

In his motion for summary judgment, Mr. Massucco argued that Our Lady of Guadeloupe lacked standing to bring this legal malpractice claim because it did not list the claim on its schedule of assets in a prior Chapter 11 bankruptcy case that was eventually dismissed. He relied upon the case of *Kunica v. St. Jean Financial, Inc.*, 233 B.R. 46 (S.D.N.Y. 1999), which the Court did not find persuasive in light of the difference between *discharge* and *dismissal* of a case under the bankruptcy code. Thus, the Court denied Mr. Massucco's motion for summary judgment.

**DISCUSSION**

At the outset, the Court recognizes that in the decision on the motion for summary the Court addressed the standing issue while assuming that the malpractice claim had accrued and was required to be listed as an asset in the bankruptcy proceeding. When a debtor files for bankruptcy protection, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). As "legal and equitable interests," causes of action that belong to the debtor constitute property of the estate under § 541(a)(1). *In re Parker*, 499 F.3d 616, 624 (6th Cir. 2007).

In Vermont, the discovery rule applies to legal malpractice claims to define when the cause of action accrues. *Howard Bank, N.A., v. Estate of Pope*, 156 Vt. 537, 538 (1991). Under the discovery rule, a plaintiff's cause of action is deemed to have accrued "at the earliest point at which [the] plaintiff discovers an injury and its possible cause." *Earle v. State*, 170 Vt. 183, 190 (1999). Accordingly, a cause of action accrues upon the discovery of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would make the person aware of a possible cause of action. *Agency of Natural Res. v. Towns*, 168 Vt. 449, 452 (1998); see also *Rodrigue v. VALCO Enters.*, 169 Vt. 539, 541 (1999) (mem.) (limitations period begins to run when the plaintiff has or should have discovered both the injury and the fact that it may have been caused by the defendant's negligence or other breach of duty).

Based on the plaintiff's Complaint, the Court finds that the legal malpractice claim had accrued at the time of the bankruptcy filing. In the underlying foreclosure case, summary judgment was granted, unopposed, on June 26, 2003, and default judgment was

2

entered against the plaintiff on November 3, 2003, all while Our Lady of Guadeloupe was represented by Mr. Massucco. The plaintiff filed its bankruptcy asset schedule on November 20, 2003. Thus, the plaintiff either did discover or should have discovered the events which form the basis for the legal malpractice action before it filed for bankruptcy.

Also, in Plaintiff's opposition to Defendant's motion for summary judgment, it did not dispute that its claim had accrued at the time of the bankruptcy filing. Furthermore, Plaintiff listed the legal malpractice claim on its schedule for its second bankruptcy filing, which was subsequently dismissed by the bankruptcy court.

Turning to the motion for reconsideration, the standard for granting such a motion "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995). Here, the defendant raises essentially the same arguments that he did in his motion for summary judgment, this time bolstered by further cases that have cited *Kunica*. He argues that because other cases have adopted its holding, so should this Court.

Although other courts may have adopted *Kunica*'s reasoning regarding lack of standing, this Court still does not find it persuasive. It is not supported by the bankruptcy code, which distinguishes between *discharge* and *dismissal* of a case.

Regarding *discharge*, when a bankruptcy action is closed, properly scheduled assets not otherwise administered revert to the debtor through abandonment. 11 U.S.C. § 554(c). However, assets not properly scheduled, thus not abandoned or administered, remain property of the bankruptcy estate. 11 U.S.C. § 554(d). Thus, after discharge, a

3

debtor would lack standing to bring a cause of action that was not properly scheduled, because the asset remains the property of the estate.

In contrast, "a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). The purpose of § 349(b) is to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 338 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6294. Thus, under *Kunica*'s reasoning an undisclosed cause of action vanishes after dismissal— under the code it does not remain the property of the estate, yet somehow the debtor also lacks standing to bring the claim.

Furthermore, the argument that a plaintiff lacks standing after improperly scheduling assets appears to be related to the doctrine of judicial estoppel. The Vermont Supreme Court has not affirmatively adopted judicial estoppel—a doctrine that is based on the inconsistency between the current position of a party and a prior position of that party, but requires that the prior position be "adopted by the court in some manner." *In re Chittenden Solid Waste District*, 2007 VT 28, ¶ 29, 182 Vt. 38 (citing Gallipo v. City of Rutland, 173 Vt. 223, 237, 789 A.2d 942, 953 (2001); *Maharaj v. Bankamerica* Corp., 128 F.3d 94, 98 (2d Cir.1997)).

In *Kunica*, the court recognized the distinction between discharge and dismissal under the code, yet bypassed the issue by couching it in terms of the importance of *disclosure*. The *Kunica* court stated, "[t]he parties do not cite and independent research has not revealed any authority dealing with the effect of dismissal on non-disclosed

claims. However, the key issue in this case is not dismissal nor discharge, but disclosure."

*Kunica*, 233 B.R. at 54. After analyzing the importance of disclosure in bankruptcy cases, the court concluded that "it cannot be that the requirement of adequate disclosure evaporates because a reversion of property is obtained by dismissal, under § 349, as opposed to abandonment under § 554." *Id*. It reasoned that to hold otherwise would encourage end-runs around the disclosure requirements. *Id*. at 54-55.

Thus, the *Kunica* court's decision on lack of standing, at its heart, was mainly concerned with protecting the integrity of the judicial process—one of the rationales supporting the doctrine of judicial estoppel. See *Maharaj v. Bankamerica Corp.*, 128 F.3d at 98. Furthermore, the *Kunica* court also found that the plaintiff was judicially estopped from asserting the undisclosed claim. *Kunica*, 233 B.R. at 58.  While this Court certainly does not condone improper disclosure of assets in a bankruptcy case, a bankruptcy court itself is not helpless to remedy such a situation.

Because this Court does not find *Kunica* persuasive and because the Vermont Supreme Court has yet to affirmatively adopt judicial estoppel, the Court will not reconsider its decision denying the defendant's motion for summary judgment.

In the alternative the defendant requests leave to file an interlocutory appeal. Under V.R.A.P. 5(b), the Court may "permit an appeal to be taken from any interlocutory order or ruling if the judge finds that the order or ruling involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of litigation."

The Court finds that the criteria under V.R.A.P. 5(b) are met. The Court's Order denying the motion for summary judgment involves a controlling question of law;

5

whether the plaintiff has standing to bring the cause of action. There is a substantial ground for difference of opinion in that the Vermont Supreme Court has not construed the issue of whether a plaintiff lacks standing to bring an undisclosed cause of action after dismissal of its bankruptcy case, nor has the Supreme Court affirmatively adopted the doctrine of judicial estoppel. Meanwhile, other courts have construed the issue and held differently than this Court. Finally, immediate appeal may materially advance termination of litigation because if the plaintiff lacks standing to bring this claim, then the cause of action will be disposed of.

## ORDER

(1) Defendant's Motion to Reconsider, filed April 7, 2010, is DENIED.

(2) Defendant's Motion for Leave to File Interlocutory Appeal, filed April 7, 2010, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge

6