## John H. Rhodes v. Town of Georgia

## Paul & Janice Rublee, et al. v. Town of Georgia

[688 A.2d 1309]

Nos. 94-349, 94-440, 94-529, 94-530, 94-531, 94-532, 94-533, 94-685, 94-686, 94-687, 94-688, 94-689, 94-690, 94-691, 94-692, 94-694, 95-039, 95-050, 95-191, 95-201, 95-332 and 95-333

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 10, 1997

*Joseph F. Cahill, Jr.* and *Timothy J. Ryan* of *Brown, Cahill, Gawne & Miller*, St. Albans, for Plaintiff-Appellee Rhodes (No. 94-349).

*Marvin and Katherine Way*, pro se, Essex Junction, Plaintiffs-Appellees (No. 94-529).

*Richard and Marjorie Shepard*, pro se, Essex Junction, Plaintiffs-Appellees (No. 94-530).

*Ronald J. Sunderland*, pro se, St. Albans, Plaintiff-Appellee (Nos. 94-532 & 94-533).

*Barbara Mills*, pro se, Milton, Plaintiff-Appellee (No. 94-685).

*Murl and Doris White* and *Maurice and Bernice Preston*, pro se, St. Albans, Plaintiffs-Appellees (No. 94-686).

*Edmund Wilcox* and *Shirley Grimm*, pro se, St. Albans, Plaintiffs-Appellees (No. 94-687).

*Jesse D. Bugbee* of *Kissane Associates*, St. Albans, for Plaintiffs-Appellees Rainville (No. 94-688).

*Michael and Diana Sweeney*, pro se, St. Albans, Plaintiffs-Appellees (No. 95-191).

*Charles F. Storrow* and *Clare A. Buckley* of *Kimbell & Storrow*, Montpelier, for Defendant-Appellant.

**Allen, C.J.** In cases consolidated for briefing and argument, the Town of Georgia appeals from orders in favor of taxpayers in twenty-one decisions by the State Board of Appraisers and one by the Franklin Superior Court. Each raises the question of whether the Georgia Board of Civil Authority, in deciding appeals of property valuations, complied with deadlines imposed on its decision-making process by 32 V.S.A. § 4404(c). We affirm.

Appeals by taxpayers of property valuations are governed by 32 V.S.A. § 4404. Under § 4404(a), a taxpayer has fourteen days after notification of a final decision of the listers to appeal to the board of civil authority (BCA). The town clerk must then call a meeting of the BCA to be held within fourteen days after the last date allowed for notice of appeal. *Id.* § 4404(b). The BCA is required to meet on the designated date to hear the appeal. *Id.* § 4404(c). Thereafter, a committee of at least three members of the BCA must inspect the parcel in question and report to the full BCA within thirty days from the hearing. *Id.* The BCA has ten days from the time of the report to certify and file its notice of decision with the town clerk. *Id.* (prior to 1994 amendment). The town clerk is required to record "and forthwith notify" the taxpayer of the BCA's action. *Id.* If the BCA "does not substantially comply with the requirements of [§ 4404(c),] . . . the grand list of the [taxpayer] for the year for which appeal is being made shall remain at the amount set before the appealed change was made by the listers." *Id.* This remedy is known as a "rollback" of the appraisal. A taxpayer may appeal a decision of the BCA to the State Board of Appraisers (Board) or to the superior court of the county in which the property is located. *Id.* § 4461(a).

All of the appeals in the present case follow a town-wide reappraisal conducted by the Town of Georgia for the tax year 1993. Over 100 taxpayers disputed their appraisals. The Town sent notification of the listers' final decisions to these taxpayers on August 14, 1993. By August 28, the deadline for appeal under § 4404(a), 105 taxpayers appealed the listers' decisions to the BCA. According to § 4404(b), the BCA was required to hear the appeals by September 11, fourteen days from the last date allowed for notice of appeal. The BCA began hearing the appeals on September 7. It met every successive weekday

evening until September 28, at which time the last appeal was heard. Following the close of the final hearing on September 28, three-member committees utilized evenings and weekends to inspect the 105 properties. Simultaneously, the town clerk, a member of the BCA, began drafting the portions of the decisions devoted to summarizing the taxpayers' and listers' arguments.

In mid-October the inspection committees started to report to the full BCA during four or five successive meetings. At those meetings the BCA considered and voted on the merits of the cases being reported. The town clerk reduced the decisions to writing and presented them to the BCA for review and adoption. The BCA certified and filed the notices of decision with the town clerk on November 5. The town clerk then mailed the decisions to the taxpayers in two groups, one on November 6 and the other on November 8. Thereafter, twenty-one of the taxpayers appealed to the Board. One taxpayer appealed to the Franklin Superior Court.

The Board found that the BCA failed to meet at least one statutory deadline in every case. It found that the inspection committee did not report to the BCA within thirty days in seventeen cases, and the BCA did not certify its decision and notify the taxpayer within ten days in sixteen cases. The superior court concluded in its matter that the BCA did not comply with the § 4404(c) time requirements, but it did not specify the failure.

On appeal, the Town makes several arguments: (1) the thirty-day period within which the inspection committee must report to the BCA regarding the first of multiple appeals begins to run at the conclusion of the last appeal heard on a continuous daily basis after commencement of the first appeal; (2) the deadlines imposed by § 4404(c) are impossible to meet where a municipality conducts a complete reappraisal; (3) the BCA need not meet the ten-day filing deadline for each appeal as long as it files its notice of decision within forty days of the last appeal heard;[1] and (4) the ten-day filing deadline concerns the time within which the BCA must certify and file its notice of decision with the town clerk and not the time within which the clerk must mail the decision to the taxpayer.

■ The Town first argues that the thirty-day deadline within which the inspection committee must report to the BCA concerning

---

[1] The forty-day deadline is derived by adding the thirty days given to the inspection committee to report to the BCA to the ten days given to the BCA to file its notice of decision.

the first appeal begins to run upon the conclusion of the last hearing. On its face, § 4404(c) fails to support the Town's position. The first sentence of § 4404(c) speaks in the plural. It states that the BCA "shall hear and determine such *appeals*." *Id.* § 4404(c) (emphasis added). This language, however, is not in a context that suggests that time limits for multiple appeals should be aggregated. The plural usage is natural and logical because the purpose of the sentence is to describe the responsibilities of the BCA at the meeting mandated by § 4404(b) — it is responsible for hearing all appeals.

It is the second sentence of § 4404(c) that prescribes the time limit for inspections. This sentence speaks in the unambiguous singular:

> *Each property*, the appraisal of which is being appealed, shall be inspected by a committee of not less than three members of the board who shall report to the board within 30 days from *the hearing on the appeal* and before the final *decision pertaining to the property* is given.

*Id.* § 4404(c) (emphasis added). The singular usage in this context indicates that the Town is incorrect in arguing that the thirty-day period starts to run after the completion of the last of multiple hearings.

The Town next argues that where municipalities undertake a complete reappraisal, it is impossible to carry out the mandate of § 4404(c). It contends that multiple appeals, which often follow town-wide reappraisals, necessarily swamp municipal resources, geared as they are to traditionally smaller case loads.

We have long held that statutes should not be construed to produce absurd or illogical consequences. See *O'Brien v. Island Corp.*, 157 Vt. 135, 139, 596 A.2d 1295, 1297 (1991). To invoke this rule, however, or to obtain relief from an impossible statutory mandate, the Town must demonstrate why this Court should not construe the statute in its ordinary sense or why the consequences of such construction will cause hardship or constitute impossibility. The Town has not met its burden.

■ For towns like Georgia that have between three and four thousand inhabitants, the date by which a meeting of the BCA must be held to consider grievances is extended by thirty days. 32 V.S.A. § 4341(4) (prior to 1996 amendment). The Town therefore argues, and we agree, that the BCA has a total of forty-four days (fourteen days under § 4404(b) plus thirty days under § 4341(4)) to initiate hearings

in each appeal.[2] It is reasonable to conclude that the BCA could have met the inspection and filing deadlines for each appeal if the BCA had staggered the commencement of each hearing over forty-four days. Consequently, the Town did not demonstrate at trial, nor does it do so here, that the statute imposes an impossible mandate.

Third, the Town asserts that the requirements of § 4404(c) are met if the BCA files its notice of decision within forty days of the last appeal heard, regardless of whether it meets the ten-day filing deadline imposed by the statute. For reasons already stated, we reject the Town's position that the deadlines for each case start to run after the final hearing. The deadlines for each appeal commence after the hearing on that appeal. Thus, even if we agree with the Town that the ten-day time requirement is not mandatory as long as the forty-day deadline is met, the decisions of the Board must still be affirmed as the Town did not meet the forty-day deadline in any case.

The Town's final claim is that the Board erred in holding the BCA responsible for the failure to notify each taxpayer of the BCA's decision within ten days of the inspection committee's report. Assuming without deciding that the Town is correct, the Board's error was harmless because the BCA did not certify and file its notice of decision with the town clerk in a timely fashion in any of the cases.

*Affirmed.*

---

[2] We disagree with the Town's contention that § 4341 also extends the thirty-day inspection and the ten-day filing deadlines of the BCA. Section 4341 specifically lists the deadlines that are subject to extension; the BCA's inspection and filing deadlines are not included.