[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the motion of the apportionment defendant to reargue their objection to the plaintiff's motion to amend a complaint. The court has considered the motion and the related pleadings and shall treat the motion as a motion for reconsideration of the objection.
The motion of the apportionment defendants, who entered the case pursuant to an apportionment complaint, having a return date of April 24, 2002, objected to the plaintiff's June 28, 2002 motion to amend its complaint to the extent that the amended complaint seeks to assert claims against the apportionment defendants. The motion for leave to amend the complaint and the amended complaint asserting claims against the apportionment defendants was filed with the court on June 28, 2002, sixty-five days after the return date of the apportionment complaint. Although they were dated June 18, 2002, the signed certification of the motion is unsigned; and both pleadings were court-stamped evidencing filing on June 28, 2000.
The governing law is General Statutes § 52-102b, Subsection (d) provides in pertinent part that: a "plaintiff may within sixty days of the return date of the apportionment complaint. ., assert any claim against the apportionment defendant."
General Statutes § 52-102b created a right of and prescribes the rules governing apportionment. The right of apportionment did not exist at common law. See Alvarez v. New Haven Register, Inc., 249 Conn. 709,721, 249 A.2d 709 (1999). A statute which creates a right which did not exist at common law must be strictly construed. See Ecker v. WestHartford, 205 Conn. 219, 233, 530 A.2d 1056 (1987). "In interpreting a statute the court must ascertain and give effect to the intent of the legislature. . . . [T]he meaning of [a] statute must, in the first instance, be sought in the language in which the act is framed. . . . If the language of the statute is clear, it is assumed that the words CT Page 14714 themselves express the intent of the legislature. . . . Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." (Internal citations omitted; internal quotation marks omitted.) White v. Burns,213 Conn. 307, 311, 567 A.2d 1195 (1990). "A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way." (Internal quotation marks omitted.) HUD/Barbour-Waverly v. Wilson, 235 Conn. 650,657, 688 A.2d 1309 (1995). The sixty-day time limitation provided in § 52-102b (d) is clear and unambiguous. The plaintiff must assert its claims against the apportionment defendant within sixty days of the return date of the apportionment complaint. Therefore, the court must enforce it.
The majority of Superior Court judges have held that the language in § 52-102b (d) is mandatory, and the sixty-day time limitation must be strictly construed. "Since the majority of the courts have been strictly enforcing the 120-day statutory limit for original defendants who wish to serve apportionment complaints, it would be somewhat anomalous not to similarly enforce the sixty day limit for plaintiffs who wish to "plead over' claims against apportionment defendants." Perazelli v. TilconConnecticut, Inc. Superior Court, judicial district of Waterbury, Docket No. 154903 (November 6, 2000, Rogers, J.).
General Statutes § 52-102b (a) requires that a copy of the apportionment complaint be served pursuant to Practice Book § 10-12(a) on all parties to the original action. The apportionment plaintiff complied with § 52-102b (a) by mailing a copy of the apportionment complaint to the plaintiff on March 13, 2002, according to the certification of service, seven days prior to the date the complaint was served on the apportionment defendants. The plaintiff does not claim that it did not receive the apportionment complaint or that its receipt was delayed, nor has it contested the apportionment defendant's objection.
Accordingly, the apportionment defendant's objection to the plaintiff's motion to amend the complaint to assert claims against the apportionment defendants is sustained, and the motion to amend the complaint is denied.
BY THE COURT
________________________ Hon. Vanessa L. Bryant CT Page 14715