VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00743



State of Vermont, Department of Taxes
        Plaintiff

v.

Jason Okie
        Defendant

### Decision on Plaintiff's Motion for Summary Judgment

In 2020, Vermont Department of Taxes mailed a notice of assessment to taxpayer Jason Okie with respect to allegedly-overdue state income taxes. By law, "[u]pon receipt" of the notice, taxpayer had a certain number of days within which to request an administrative hearing contesting the assessment. 32 V.S.A. § 5883. Once taxpayer failed to request a hearing within that time, taxpayer became "bound by the terms" of the assessment, and was no longer permitted to "contest, either directly or indirectly, the tax liability as therein set forth" in any proceedings for enforcement or collection of the tax liability. 32 V.S.A. § 5887(b); *State v. Montani*, 2018 VT 21, ¶¶ 18–21, 207 Vt. 1; *Stone v. Errecart*, 165 Vt. 1, 3–4 (1996).

In this proceeding for collection of taxes, the notice of assessment was mailed to taxpayer and that taxpayer never requested an administrative hearing. At issue is whether taxpayer ever received the notice. 32 V.S.A. § 5883. If taxpayer received the notice, then the tax department's motion for summary judgment otherwise establishes that it is entitled to judgment as a matter of law. *Montani*, 2018 VT 21, ¶¶ 18–21. If taxpayer did not receive the notice, then taxpayer is entitled to additional time to request an administrative hearing from the commissioner.

In its motion for summary judgment, the tax department sought to prove receipt of the notice by taxpayer by relying upon a statutory presumption that "[t]he mailing of [a tax] notice shall be presumptive evidence of its receipt by the person to whom it is addressed." 32 V.S.A. § 3203; accord *Estey v. Leveille*, 119 Vt. 438, 439 (1957); *Mary Fletcher Hospital v. City of Barre*, 117 Vt. 430, 431 (1953); *Town of Barnet v. Town of Norton*, 90 Vt. 544, 550 (1916) (collectively, describing a common-law civil presumption that a letter has been received when the sender proves that the letter was mailed, that it was properly addressed, that it bore a return address, and that it was never returned as undeliverable). The tax department has proffered undisputed evidence that the notice was mailed first-class, postage prepaid, to the address on file, and that the mailing was not returned as undeliverable. These facts are sufficient to establish the presumption.

A civil presumption regarding receipt of mail is rebuttable, however, and an intended recipient may rebut the presumption by producing "some evidence of nonreceipt," such as an affidavit from the recipient stating that they never received the letter. *Rocque v. Cooperative Fire Ins. Ass'n of Vermont*, 140 Vt. 321, 325–26 (1981); *American Casualty Co. v. Nordic Leasing, Inc.*, 42 F.3d 725, 734 (2d Cir. 1994) (Oakes, J.). If an intended recipient produces such evidence, the presumption disappears, and the sender of the mail bears the burden of proving receipt "without reference to the presumption." Vt. R. Evid. 301(c)(3); *Lawson v. Halpern-Reiss*, 2019 VT 38, ¶ 36, 210 Vt. 224; *Chittenden v. Waterbury Center Community Church, Inc.*, 168 Vt. 478, 492 (1998); *Tyrrell v. Prudential Ins. Co. of America*, 109 Vt. 6, 23–24 (1937); see also *Mackowik v. Kansas City, St. Joseph & Council Bluffs Railroad Co.*, 94 S.W.256, 262 (Mo. 1906) (explaining that civil presumptions may be understood like "bats of the law flitting in the twilight, but disappearing in the sunshine of actual facts").

Here, taxpayer has stated plainly and repeatedly that they "never received" the notice. Although this statement was not made in the form of a sworn affidavit (which is typically required for responses to motions for summary judgment), the spirit of the procedural rules is to ensure that cases are "decided on their merits rather than by catching an unaware party in a procedural trap." 10B Wright & Miller, Federal Practice and Procedure: Civil 4th § 2739. In this case, taxpayer is a self-represented litigant, the statement is within their personal knowledge, and the substantive content of the statement is sufficient to rebut the presumption of receipt.[*] *Rocque*, 140 Vt. at 325–26; *American Casualty Co.*, 42 F.3d at 734. An additional consideration is that the court did not send taxpayer the form letter that it often sends to self-represented litigants responding to summary-judgment motions, which advises them that their responses need to include "a sworn affidavit or notarized statement" describing the disputed facts. See 10B Wright & Miller, *supra*, at § 2739 (explaining that such notices are either required or at least advisable "[g]iven the substantial risk of an adverse judgment to a nonresponding opposing party" who is incarcerated or unrepresented and who does not understand the procedural rules involved). It seems reasonable to suppose that taxpayer would have filed their response in the required form if they had received this advisement, and it seems fundamentally unfair for the substantive result of the case to depend solely upon this formality.

---

[*] The tax department argues that a rebuttal of the presumption "must consist of more than a mere denial of receipt," but the source of this argument is a 1986 intermediate-appellate-court decision from another state that relies for the proposition upon a different out-of-state case that says no such thing. See *T.J. Gulf, Inc. v. New York State Tax Commission*, 508 N.Y.S.2d 97, 98 (N.Y. App. Div. 1986) (citing *Ruggerite, Inc. v. State Tax Commission*, 474 N.E.2d 1185, 1186 (N.Y. 1984)). The proposition is directly contradicted by Judge Oakes' opinion in *American Casualty Co.*, 42 F.3d at 734, which interpreted Vermont law, and is any event inconsistent with Vermont cases explaining the civil-presumption rule, including *Rutland Country Club, Inc. v. City of Rutland*, 140 Vt. 142, 145–46 (1981) and *Tyrrell*, 109 Vt. at 23, and a recent Vermont Superior Court decision regarding the same statutory presumption as is involved in this case: *State of Vermont Dep't of Taxes v. Northrop*, No. 23-CV-04840, 2024 WL 4187308, at *2–3 (Vt. Super. Ct. July 19, 2024) (Tomasi, J.).

For these reasons, although the tax department's motion for reconsideration (Motion 3) was granted on the record, the department's motion for summary judgment (Motion 1) remains denied. A one-hour remote merits hearing will be scheduled on the issue of whether defendant received the notice. If so, plaintiff will be entitled to the requested judgment. If not, the remedy would appear to involve reopening the time for requesting a hearing with the Commissioner under 32 V.S.A. § 5883. Either way, the question of whether defendant was domiciled in Vermont in 2017 will not be within the scope of the hearing. 32 V.S.A. § 5887; *Montani*, 2018 VT 21, ¶¶ 18–21.

Electronically signed on Thursday, October 3, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 10/04/24
Windsor Unit